UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

STRIKE 3 HOLDINGS, LLC,

                    Plaintiff,

      vs.

JOHN DOE subscriber assigned IP address
66.108.187.125,

                    Defendant.

------------------------------------------------------------X

JAN 2 4 2019

Case No. 1:18-cv-12167-AJN

Judge Nathan

## AMENDED MEMORANDUM OPINION AND ORDER

ALISON J. NATHAN, District Judge:

Plaintiff Strike 3 Holdings, LLC ("Strike 3") now moves *ex parte*, pursuant to Federal Rule of Civil Procedure 26(d)(1), for leave to serve a third party subpoena prior to a Rule 26(f) conference. Specifically, Strike 3 seeks to serve a subpoena on Spectrum, an Internet Service Provider ("ISP"), in order to ascertain the identity of the John Doe defendant in this case, whose Internet Protocol ("IP") address has been associated with large-scale infringement of Strike 3's copyrighted works. For the reasons below, the Plaintiff's motion is GRANTED.

### I. BACKGROUND

Plaintiff, Strike 3, operates three adult film websites, Blacked.com, Tushy.com, and Vixen.com which create its own copyrighted film content. Strike 3 makes that content available to subscribers on its websites, and earns its revenue through subscription sales, sales of DVDs and licensing. Decl. of Greg Lansky, ¶¶ 16-19. Plaintiff believes it suffers serious economic harm by virtue of the fact that many of its copyrighted works are made available, illegally, for

1

free download via file sharing platforms, including an internet protocol called BitTorrent. *Id.* ¶¶ 22-28.

As this Court explained in a factually similar case, BitTorrent software allows users to join together in "peer-to-peer" networks that allow them to download large files. *See Digital Sin, Inc. v. Does 1-176,* 279 F.R.D. 239, 241 (S.D.N.Y. 2012). Individual users may only download small pieces of the file at a time and it make take days for an individual to download an entire file. *Id.* While downloading, the downloader is obligated to share with other users the portions of the file that he or she has already downloaded. *Id.* This group of interacting users is referred to as a "swarm." *Id.*

During the process of downloading these files, users expose their IP addresses to one another, which allows third parties to track and record the addresses participating in the illegal download. In this case, Plaintiff hired a German company, IPP International UG ("IPP"), to track IP addresses distributing and downloading their copyrighted works. Fieser Decl. ¶¶ 4-7. IPP used forensic software to scan BitTorrent file networks for the presence of transactions including Strike 3's copyright. *Id.* ¶ 7. After analyzing the results of this scan, IPP was able to determine that John Doe's IP address had downloaded a number of Plaintiff's copyrighted works. *Id.* ¶¶ 13-14.

At this time, Plaintiff is only able to identify John Doe with reference to his or her IP address. Once supplied with the date and time of the alleged infringement, ISPs are able to use their subscriber logs to identify the particular individual associated with the IP address. Fischbach Decl. ¶ 12. Accordingly, Plaintiff now seeks leave to serve Spectrum in order to ascertain the identity of the alleged infringer in this case.

## II. DISCUSSION

### a. Legal Principles

Generally, Federal Rule of Civil Procedure 26(d)(l) forbids a party from seeking discovery "from any source before the parties have conferred as required by Rule 26(f)." *See Malibu Media, LLC v. John Does 1-13*, 12-cv-1156 (JFB) (ETB), 2012 WL 1020243, at *1 (E.D.N.Y. Mar. 26, 2012). However, the Federal Rules also provide that a party may engage in discovery before such a conference pursuant to court order. Fed. R. Civ. P. 26(d)(l) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except ... when authorized ... by court order.").

When considering whether to grant a motion for expedited discovery prior to a Rule 26(f) conference, courts apply a "flexible standard of reasonableness and good cause." *Digital Sin, Inc. v. John Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. Jan.30, 2012) (quoting *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326-27 (S.D.N.Y. 2005)). *See also Stern v. Cosby*, 246 F.R.D. 453, 457 (S.D.N.Y.2007) (Chin, J.); *accord* 8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure§* 2046.1 (3d ed. 2011) ("Although [Rule 26(d)] does not say so, it is implicit that some showing of good cause should be made to justify such an order, and courts presented with requests for immediate discovery have frequently treated the question whether to authorize early discovery as governed by a good cause standard.").[1] Courts have also applied "particularly

---

[1] Courts in this district routinely find "good cause" for expedited discovery to determine the identity of John Doe defendants where a Plaintiff is able to make out a *prima facie* case and is otherwise unable to identify the Defendants without a court-ordered subpoena. *See, e.g., John Wiley & Sons, Inc. v. John Does 1-22*, 2013 WL 1091315, at *5 (S.D.N.Y. March 15, 2013); *John Wiley & Sons, Inc. v. Doe Nos. 1-30*, 284 F.R.D. 185, 189 (S.D.N.Y. 2012); *Next Phase Distribution, Inc. v. John Does 1-27*, 284 F.R.D. 165, 171 (S.D.N.Y. July 31, 2012); *Malibu Media, LLC v. John Does 1-11*, 12-cv-3810 (ER), 2013 WL 3732839, at *2 (S.D.N.Y. July 16, 2013).

3

careful scrutiny" when plaintiffs seek expedited discovery on an *ex parte* basis *Ayyash*, 233 F.R.D. at 327.

The Second Circuit has identified the "principal factors" for District Courts to consider when determining whether expedited discovery is appropriate. *See Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010) *(quoting Sony Music Entertainment Inc. v. Does 1-40*, 326 F. Supp. 2d 556 (S.D.N.Y.2004))*. These factors include (1) the plaintiff's ability to make out a *prima facie* showing of infringement, (2) the specificity of the discovery request, (3) the absence of alternative means to obtaining the information sought in the subpoena, (4) the need for the information sought in order to advance the claim, and (5) the Defendant's expectation of privacy. Application of these "principal factors" confirms that the Plaintiff is entitled to their subpoena.

### b. Analysis

Plaintiff has made out a *prima facie* claim of copyright infringement. "To make out a prima facie case of copyright infringement, a party must show (1) ownership of a valid copyright in the item and (2) unauthorized copying." *Int'l Swaps & Derivatives Ass'n, Inc. v. Socratek, L.L.C.*, 712 F. Supp. 2d 96, 102 (S.D.N.Y. 2010) *(citing Tufenkian Import/Export Ventures, Inc. v. Einstein Moomjy, Inc.*, 338 F.3d 127, 131 (2d Cir. 2003)). The Plaintiff's complaint plainly sets out the copyrighted works at issue and provides comprehensive allegations regarding the manner by which the Defendant copied the various works, including the date and time of the infringement and the IP address and technology used to effect the copying. *See* Compl. ¶¶ 17-34, Ex. B; Fieser Decl. ¶¶ 4-14. *See also Malibu Media, LLC v. John Does 1-11*, 2013 WL 3732839, at *5 ("Plaintiff has made a concrete, prima facie case of copyright infringement by alleging ownership of the registered copyright and alleging unlawful downloading, copying, and distribution of this work by specifying the type of technology used, the IP address from which

the file was accessed and shared, and the date and time of the infringement."). Accordingly, this factor weighs in favor of the Plaintiff.

The second factor similarly weighs towards Plaintiff. Strike 3 seeks only the true name and permanent address of John Doe, a limited set of facts that courts within this district have considered "highly specific in nature." *Malibu Media, LLC v. Doe No. 4*, 12-cv-2950 (JPO), 2012 WL 5987854, at *3 (S.D.N.Y. Nov. 30, 2012) ("Malibu's subpoena request is highly specific in nature; it seeks the name, current and permanent address, e-mail address, and Media Access Control (MAC) Address of each Doe defendant, attempting to obtain enough information to identify and serve the defendants."). The Court agrees that the Plaintiff here is not asking for more information than is necessary to identify and serve the Defendant.

Third, the Court is not aware of any other means by which the Plaintiff may seek out the Defendant's identity. Indeed, BitTorrent's appeal to potential infringers is the large degree of anonymity it provides users. *See John Wiley & Sons, Inc.*, 284 F.R.D. at 190 ("[Plaintiff] has explained that the use of the BitTorrent software is 'largely anonymous' except insofar as it requires a user to broadcast the user's IP address ... [Plaintiff] has established that it lacks the means to obtain the subscriber's identifying information, other than by subpoena."). In this case, Plaintiff has explained that John Doe can only be reliably identified by cross-referencing the date and time of the alleged infringement with information on the ISP's subscriber logs. Fischbach Decl. ¶ 12.

The fourth factor also cuts in the Plaintiff's direction because, in the absence of the ability to subpoena the ISP, the Plaintiff will be unable to identify and serve Defendant, effectively terminating the litigation. *See Malibu Media, LLC v. John Does 1-11*, 2013 WL 3732839, at *6 (noting in a factually similar case that the subpoenaed information sought was

5

"necessary to advance the claim"). Moreover, courts within this Circuit have recognized that "[e]xpedited discovery is also necessary to prevent loss of the requested information as a result of routine deletion by the ISPs." *Digital Sin, Inc. v. Does 1-27*, 12-cv-3873 (JMF), 2012 WL 2036035, at *4 (S.D.N.Y. June 6, 2012).

Finally, while the Court is sensitive to the fact that Defendant's viewing of these particular copyrighted works may be the source of public embarrassment, courts in this district have nonetheless concluded that "ISP subscribers have a minimal expectation of privacy in the sharing of copyrighted material." *Malibu. Media, LLC v. John Does 1-11*, 2013 WL 3 73 283 9, at *6.

As each of these factors weighs in the favor of Plaintiff, the Court concludes that they are entitled to serve a subpoena on Spectrum in order to ascertain the identity of John Doe. However, as is the Court's practice in these sorts of cases, the Court also concludes that there is good cause to issue a protective order in connection with this subpoena. *See Digital Sin, Inc. v. Does 1-17 6*, 279 F.R.D. at 242-43. Such a protective order is appropriate in light of the substantial risk for false positive identifications that could result in "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(l). *See also Digital Sin, Inc. v. Does 1-27*, 2012 WL 2036035, at *4.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that Strike 3 may immediately serve a Rule 45 subpoena on Spectrum, the ISP identified in its motion, to obtain information to identify John Doe, specifically her or his true name and current and permanent address. Plaintiff is expressly **not** permitted to subpoena the ISPs for John Doe's email addresses or telephone numbers. The subpoena shall have a copy of this order attached, along with the attached "Notice to Defendant."

6

**IT IS FURTHER ORDERED** that Spectrum will have *60 days* from the date of service of the Rule 45 subpoena upon them to serve John Doe with a copy of the subpoena, a copy of this order, and a copy of the "Notice to Defendant." *The order should be attached to the "Notice to Defendants" such that the "Notice to Defendant" is the first page of the materials enclosed with the subpoena.* Spectrum may serve John Doe using any reasonable means, including written notice sent to her or his last known address, transmitted either by first-class mail or via overnight service.

**IT IS FURTHER ORDERED** that John Doe shall have *60 days* from the date of service of the Rule 45 subpoena and this Order upon her or him to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously. Spectrum may *not* turn over John Doe's identifying information to Strike 3 before the expiration of this 60-day period. Additionally, if John Doe or Spectrum files a motion to quash the subpoena, Spectrum may not turn over any information to Strike 3 until the issues have been addressed and the Court issues an Order instructing Spectrum to resume in turning over the requested discovery.

**IT IS FURTHER ORDERED** that if that 60-day period lapses without John Doe or Spectrum contesting the subpoena, Spectrum shall have *10 days* to produce the information responsive to the subpoena to Plaintiff. John Doe, should he or she move to quash the subpoena or to proceed anonymously, shall at the same time as her or his filing also notify Spectrum so that it is on notice not to release any of John Doe's contact information to Plaintiff until the Court rules on any such motions.

**IT IS FURTHER ORDERED** that the subpoenaed entity shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash.

IT IS FURTHER ORDERED that Spectrum shall confer with Strike 3 and shall not assess any charge in advance of providing the information requested in the subpoena. Should Spectrum elect to charge for the costs of production, it shall provide a billing summary and cost report to Plaintiff.

IT IS FURTHER ORDERED that Strike 3 shall serve a copy of this Opinion and Order along with any subpoenas issued pursuant to this order to Spectrum.

IT IS FURTHER ORDERED that any information ultimately disclosed to Strike 3 in response to a Rule 45 subpoena may be used by Strike 3 solely for the purpose of protecting Strike 3's rights as set forth in its complaint.

DONE AND ORDERED this 23rd day of Jan., 2019.

_____
HON. ALISON J. NATHAN
**United States District Judge**

# NOTICE TO DEFENDANT

1. You are a defendant in *Strike3 Holdings, LLC, v. John Doe*, 18-cv-12167 (AJN), a case now pending before the Honorable Alison J. Nathan, United States District Judge for the Southern District of New York.

2. Attached is Judge Nathan's Order, dated January 23, 2019 which sets forth certain deadlines and procedures related to this case.

3. You may hire a lawyer to represent you in this case or you may proceed *pro se* (that is, you may represent yourself without the assistance of a lawyer). If you choose to proceed *pro se*, all communications with the Court should be through the *Pro Se* Office of the United States District Court for the Southern District of New York. The *Pro Se* Office is located in Room 230 of the United States Courthouse, 500 Pearl Street, New York, N.Y. 10007, and may be reached at (212) 805-0175.

4. The plaintiff in this case has filed a lawsuit claiming that you have illegally downloaded and/or distributed a movie on your computer.

5. The plaintiff may not know your actual name or address, but it does know the Internet Protocol address ("IP address") of the computer associated with the alleged downloading and/or distributing.

6. The plaintiff has filed subpoenas requesting your identity and contact information from your Internet Service Provider ("ISP").

7. If you do not want your ISP to provide this information to the plaintiff and you believe there is a legal basis for the ISP to withhold the information, you may file a motion to "quash" or "modify" the subpoena. This must be done within 60 days of the date that you receive notice from your ISP that you are a defendant in this case. If you choose to proceed *pro se*, your motion to quash or modify the subpoena should be mailed to the *Pro Se* Office, as described in paragraph 3.

8. If you move to quash the subpoena or otherwise move to prevent your name from being turned over to the plaintiff, you may proceed anonymously at this time. Nevertheless, if you are representing yourself, you will have to complete an information card that you can obtain from the *Pro Se* Office of the Court. This information is *solely for use by the Court* and the Court will not provide this information to lawyers for the plaintiff unless and until it determines there is no basis to withhold it. The Court must have this information so that it may communicate with you regarding the case.

9. Even if you do not file a motion to quash or modify the subpoena, you may still proceed in this case anonymously at this time. This means that the Court and the plaintiff will know your identity and contact information, but your identity will not be made public unless and until the Court determines there is no basis to withhold it.

10. If you want to proceed anonymously without filing a motion to quash or modify the subpoena, you (or, if represented, your lawyer) should provide a letter stating that you would like to proceed anonymously in your case. If you choose to proceed *pro se*, your letter should be mailed to the *Pro Se* Office, as described in paragraph 3. This must be done within 60 days of the date that you receive notice from your ISP that you are a defendant in this case. You should identify yourself in your letter by the case in which you are a defendant and your IP address. If you submit this letter, then your identity and contact information will not be revealed to the public unless and until the Court says otherwise.